UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR WILSON, DORIAN WILLIS,
TOMMY FARR, CITIZENS OF WAYNE
COUNTY, AND OAKLAND COUNTY,
et. al.,

                                            Hon. Nancy G. Edmunds
                                            Case No. 2:14-cv-14541

                     Plaintiffs,

WAYNE COUNTY, et. al.,

                     Defendant.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

This is a civil rights case under 42 U.S.C. § 1983 brought by three individuals incarcerated in Michigan correctional facilities, ostensibly on behalf of the citizens of two Michigan counties. The three named plaintiffs have also filed a motion for certification of class. The Court has reviewed the complaint and dismisses it without prejudice to the plaintiffs filing individual complaints.

### I. Background

The complaint names County of Wayne, County of Macomb, County of Oakland, City of Detroit, City of Eastpointe, Eastpointe Police Department, City of Pontiac, Pontiac Police Department, and Pontiac Police Department law enforcement officers as defendants. The complaint alleges that the defendants have engaged in a longstanding and systematic practice of denying the plaintiffs of their constitutional rights during criminal proceedings by failing to file adequate warrants and criminal complaints. Plaintiffs seek injunctive relief requiring defendants to change their practices.

II. Discussion

The Court dismisses the complaint without prejudice because none of the named plaintiffs can adequately protect the interests of the class. Numerous cases have held that a prisoners proceeding pro se cannot adequately represent the interests of his or her fellow inmates in a class action. See *Heard v. Caruso*, 351 Fed. Appx. 1, 15 (6th Cir. 2009); *Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir. 2001); *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000); *Caputo v. Fauver*, 800 F. Supp. 168, 169 (D.N.J. 1992); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988).

The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. See *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Fed.R.Civ.P. 20(a)(1), in fact, indicates: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Notwithstanding Fed. R. Civ. P. 20(a)(1), there are significant practical problems with allowing several prisoners to file a joint complaint. As another judge in this district has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009)(Borman, J.)(citing *Boretsky v. Corzine*, 2008 U.S. Dist. LEXIS 48003, 2008 WL 2512916, * 5 (D.N.J. June 23, 2008)) . Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that

-2-

prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id*. (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, [WL] at * 5). Moreover, allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Proctor*, 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, 2008 U.S. Dist. LEXIS 18378, 2008 WL 680203, * 1 (E.D.Wis. March 10, 2008). Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id*. An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id*. (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, [WL] at *5); See also *White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D.Tenn. May 3, 2007)("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other district courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor*, 661 F. Supp. 2d at 780 (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, [WL] at *6)(additional citations omitted). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id*. (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, [WL] at *6).

In light of these concerns, the Court believes that the best course of action is to dismiss the complaint without prejudice to the individual plaintiffs filing complaints on their own behalf.

III. Order

**IT IS HEREBY ORDERED** that Plaintiffs' "Class Action Complaint" is **DISMISSED WITHOUT PREJUDICE** to the plaintiffs each filing individual complaints on their own behalf.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion for Certification of Class" [ECF no. 5] is **DENIED**.

<br>
<br>

s/ Nancy G. Edmunds

Hon. Nancy G. Edmunds
United States District Court

Dated: February 4, 2015

CERTIFICATION

I hereby certify that a copy of this Order was served upon counsel/parties of record on this 4th day of February, 2015 by electronic/regular mail.

s/ Carol J Bethel

Case Manager